**In re FULWOOD ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 82–0818–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 27, 1990.

See also, Bkrtcy., 105 B.R. 707.

**462**

Logan Browning, C.P.A. Tampa, Fla., trustee.

William Register, Jr., Tampa, Fla., for trustee.

Jeffrey Warren, Tampa, Fla., for Creditors Committee.

Gregory Schell, Florida Rural Legal Services, Inc., Lake Worth, Fla., for movants—Creditors Oriol Accelus, et al.

## ORDER ON MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S OBJECTION TO CLAIM OF CREDITORS ORIOL ACCELUS, et al

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Motion for Summary Judgment filed by Florida Rural Services, Inc. (Rural Services), on behalf of 65 migrant farm workers (Movants) who were employed by Fulwood Enterprises, Inc. (Debtor), in the fall of 1980. The Motion is filed in a contested matter originally commenced by the Trustee who filed an Objection to the Movants' proof of claim. It is the contention of Rural Services that they are entitled to a determination as a matter of law that Claim No. 50 should be allowed as filed in that there are no genuine issues of material fact which are in dispute and that the Movants are entitled to judgment as a matter of law. The following undisputed facts are relevant and germane to the disposition of this cause:

The Debtor filed a voluntary Chapter 11 Petition on April 27, 1982. Rural Services filed a proof of claim on June 28, 1982, entitled, "Proof of Multiple Claims" on behalf of the Movants as their agent and asserted claims on their behalf in three separate categories. The first category represents a claim for back wages for each of the 65 Movants in the total amount of $3,986.50, based upon the statutory minimum wage in effect at the time of the Movants' employment. On September 18, 1989, this Court entered an Order granting the Motion for Summary Judgment with respect to the claim for back wages and allowed the claim in the total amount of $3,986.50. A claim is also asserted for an undetermined sum of money for violations of the Movants' civil rights pursuant to the Fair Labor Standards Act (FLSA). Determination of the amount of this portion of the claim is dependent upon the resolution of a civil action filed in the District Court in the Middle District of Florida.

Finally, the Movants allege that they are entitled to statutory damages in the amount of $65,000.00 for two intentional violations of the Farm Labor Contractor Registration Act (FLCRA) for the 65 Movants. The Movants allege that there is no genuine issue of material fact with respect to the FLSA claims and that they are entitled to judgment in their favor as a matter of law pursuant to Bankruptcy Rule 7056.

As to the claim for statutory damages, FLCRA provides only that aggrieved farm workers bringing civil suits may be awarded actual damages, or $500.00 in statutory damages. The Eleventh Circuit Court of Appeals has recognized that the award of damages is discretionary with the court upon a finding of an intentional violation of the Act. *Washington v. Miller*, 721 F.2d 797 (11th Cir.1983). The Bankruptcy Code disfavors the allowance of claims which are punitive or exemplary in nature because, in effect, these claims are assessed against innocent third parties, i.e., creditors of the debtor. The only evidence before this Court upon which the Court may determine whether or not an intentional violation of the Act occurred is the depositions of certain migrant farm workers. The undisputed evidence as established through the depositions indicates that a number of violations of FLCRA occurred during the period in question.

First, FLCRA requires that a farm labor contractor be registered pursuant to 7 U.S.C. § 2043(c). It appears that Milot Matayer was the farm labor contractor who was in charge of the workers, and that neither he nor his three foremen were licensed pursuant to FLCRA. Second, FLCRA requires the employer to exhibit a certificate of registration pursuant to 7 U.S.C. § 2045(a). The evidence shows that such registration certificate was not exhibited. Third, disclosure of the terms and conditions of employment to the employees is required by 7 U.S.C. § 2045(b). However, it is also clear from the depositions that the terms and conditions of their employment were not disclosed as required by the Act. In addition, 7 U.S.C. § 2045(d) requires the posting of the terms and conditions of occupancy for the housing provided. The evidence shows that this provision of the Act was disregarded as well. Further, the Debtor did not provide the workers with an itemized early earning statement as required by 7 U.S.C. § 2045(e). In addition, the Debtor failed to keep payroll records which show for each worker total earnings in each payroll period as required by 7 U.S.C. § 2045(e).

Based on the foregoing, it is clear, and this Court finds, that an intentional violation of FLCRA was committed by the Debtor with respect to each of the 65 Movants. Accordingly, a discretionary award of $500.00 per Movant shall be allowed for a total of $32,500.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to the claim for statutory damages for intentional violations of FLCRA be, and the same is hereby, granted, and Claim No. 50 entitled, "Proof of Multiple Claims" filed June 28, 1982, be, and the same is hereby, allowed in the total amount of $32,500.00 for intentional violations of FLCRA for the 65 Movants.

DONE AND ORDERED.